Eastern District of Kentucky
F I L E D
JUN 3 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-371-GWU

BONNIE HOSKINS, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Bonnie Hoskins brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hoskins, a 55 year-old former cook, waitress, house-cleaner, and laundry worker with a high school education, suffered from impairments related to a history of low back and joint pain, a depressive disorder and an anxiety disorder. (Tr. 15, 17). While the plaintiff was found to be unable to return to her past relevant work, she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 22-23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 23). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 21-22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Susan Kehoe

included an exertional restriction to medium level work along with such non-exertional limitations as (1) an inability to sit more than six hours a day in no more than two-hour intervals; (2) an inability to stand for more than six hours a day in 2-hour intervals; (3) an inability to walk for more than six hours a day in one-hour intervals; (4) an inability to more than frequently bend, squat, or reach above shoulder level; (5) an inability to more than occasionally climb or crawl; (6) a "mild" restriction with regard to exposure to moving machinery or driving automotive equipment; (7) a "moderate" restriction with regard to exposure to unprotected heights, marked changes in temperature or humidity, and dust, fumes or gases; (8) a "seriously limited but not precluded" ability to understand, remember, and carry out complex job instructions; (9) a "limited but satisfactory to seriously limited, but not precluded" ability to understand, remember, and carry out detailed instructions; and (10) a "limited but satisfactory" ability to use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember and carry out simple instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, or demonstrate reliability. (Tr. 262). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 263). Therefore, assuming that the vocational factors considered by Kehoe fairly depicted Hoskins' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The ALJ included all of the physical limitations identified by Dr. Asma Ahmad, an examining consultant. (Tr. 252). No treating or examining source of record, including the staff at Appalachian

6

Regional Healthcare (Tr. 100-104, 128-143, 229-237), reported the existence of more severe physical limitations than those found by the ALJ. The Court notes that the record includes two reports from Dr. Hughes Helm which were dated November of 2002 and February of 2003. (Tr. 106-114, 122-127). As noted by the plaintiff's representative at the administrative hearing, Dr. Helms was not properly licensed in Kentucky until March of 2003 and, so, his opinion should not be considered in this action.[1] (Tr. 284). Dr. Jorge Baez-Garcia, a non-examining medical reviewer, restricted the claimant to the full range of light level work on a May, 2003 Assessment Form. (Tr. 199-204). As noted by the defendant, the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). Thus, the ALJ could properly reject the opinion of Dr. Baez-Garcia in favor of that of Dr. Ahmad.

Hoskins was found physically limited to light level work in an administrative decision which became final on November 16, 2001. (Tr. 30D-30J). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ determined that Dr. Ahmad's finding that the plaintiff could perform medium level work provides such

---

[1] Dr. Helms did not identify the existence of any physical limitations on either examination. (Tr. 109, 125).

7

evidence demonstrating an improvement in her condition since the earlier finding of light level work. Hoskins disputes this finding.

Review of the November, 2001 denial decision does not indicate that any physician actually restricted Hoskins to light level work. (Tr. 30D-30J). The ALJ in that action noted that Dr. David Lipke, the only consultative examiner, specifically reported finding no evidence for significant limitation in the claimant's ability to perform work activities. (Tr. 30G). The ALJ further indicated that all diagnostic and clinical examinations had largely been within normal limits. (Tr. 30H). Thus, the earlier limitation to light level work appears somewhat gratuitous.

Hoskins asserts that some discrepancies between the findings of Dr. Helms and Dr. Ahmad with regard to her range of motion suggest a deterioration in her condition rather than improvement. As previously noted, Dr. Helms was not licensed at the time of either of his examinations and, so, he was not an "acceptable medical source" whose findings could help the plaintiff. Furthermore, notwithstanding these discrepancies, Dr. Ahmad still found her capable of performing medium level work and this opinion is not specifically contradicted in the current time period by that of another treating or examining source. Therefore, the Court concludes that the ALJ properly relied upon the opinion of Dr. Ahmad to find that "new and material" evidence" which indicated an improvement in the claimant's physical condition in the time period since the prior denial decision.

The hypothetical question also fairly depicted Hoskins' mental condition. The mental factors presented to Kehoe were essentially compatible with the mental limitations indicated by Dr. Kevin Eggerman (Tr. 120) and Psychologist Christopher Catt (Tr. 244-245), each an examining consultant. More severe

8

mental limitations were not reported by the staff at the Cumberland River Comprehensive Care Center, the plaintiff's treating facility. (Tr. 144-165, 208-218). Neither Jane Brake (Tr. 167) nor Thompson Prout (Tr. 185), the non-examining medical reviewers, thought that the plaintiff suffered from a "severe" mental impairment. These reports provide substantial evidence to support the administrative decision.

Psychologist Robert Spangler examined Hoskins and reported the existence of somewhat more severe mental limitations than those found by the ALJ. (Tr. 226-228). Spangler's opinion was outweighed and offset by the aforementioned evidence of record and, so, not binding on the ALJ.

Hoskins notes that Catt diagnosed borderline intelligence. (Tr. 243). The plaintiff asserts that the ALJ erred by failing to include this finding in the hypothetical question. However, as noted by the defendant, the Sixth Circuit Court of Appeals recently ruled that ALJs are not required to include a list of a claimant's medical conditions in the hypothetical question. Webb v. Commissioner of Social Security, 368 F.3d 629, 633 (6th Cir. 2004). As previously noted, the hypothetical question was consistent with the specific mental restrictions identified by Catt and this was all that was required of the ALJ for the question to fairly depict the plaintiff's mental status. Therefore, the Court must reject the claimant's argument.

Finally, Hoskins asserts that only light level jobs accommodate the functional restrictions presented by the ALJ to the vocational expert.[2] She offers no evidence to support this assertion. The defendant notes that at least the job

---

[2]The plaintiff turned 55 on November 27, 2004. If she were limited to light level work, Rule 202.06 of the Medical-Vocational Guidelines would mandate a finding of "disabled" for one of her age, level of education and work background. Thus, if only light level jobs could be performed, she would be considered to be disabled.

of hand packager, cited by Kehoe (Tr. 263) as remaining available, is listed as being medium level in exertion by the Dictionary of Occupational Titles at Section 920.587-018. Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30 day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10